## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BEN ABBOTT & ASSOCIATES, PLLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **QUINTESSA LLC and STANLEY &** | § | |
| **ASSOCIATES, PLLC,** | § | |
| | § | |
| *DefendantS.* | § | |

## DEFENDANT QUINTESSA LLC'S APPENDIX TO NOTICE OF REMOVAL

1.    Civil Cover Sheet....................................................................................Appx. 001

2.    Supplemental Civil Cover Sheet.................................................... Appx. 002-003

3.    State Court Docket......................................................................... Appx. 004-006

4.    Ex. A – Original Petition .............................................................. Appx. 007-016

5.    Certificate of interested Persons ................................................. Appx. 017-018

6.    Notice of Related Case.................................................................. Appx. 019-021

DATE:  July 7, 2020

Respectfully submitted,
*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 – Telephone
(214) 981-3829 – Facsimile

**ATTORNEYS FOR DEFENDANT
QUINTESSA LLC**

## CERTIFICATE OF SERVICE

On July 7, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF System of the court and certify that I have served via the Court's ECF System on all counsel of record or otherwise in compliance with Federal Rule of Civil Procedure 5(b)(2).

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ben Abbott & Associates, PLLC

**DEFENDANTS**
Quintessa, LLC

**(b)** County of Residence of First Listed Plaintiff     Dallas County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Oklahoma
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John T. Gerhart, Jr., Hunton Andrews Kurth, LLP, 1445 Ross Avenue, Suite 3700, Dallas, Texas 75202; (214) 979-3000

Attorneys *(If Known)*
Chris J. Schwegmann, Lynn Pinker Hurst & Schwegmann, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201; (214) 981-3800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability / Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal | | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product / Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | Liability / Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 371 Truth in Lending | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal / ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | Injury / Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice / Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332
Brief description of cause:
Common Law Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   FISH
DOCKET NUMBER   3:20-cv-463-G

DATE
07/07/2020

SIGNATURE OF ATTORNEY OF RECORD
*Chris Schwegmann*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 101st Judicial District Court, Dallas County, Texas | DC-20-09083 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Ben Abbott & Associates, PLLC | John T. Gerhart, Jr. and Grayson L. Linayard |
   | Quintessa LLC | Chris J. Schwegmann and Rebecca L. Adams |
   | | |
   | | |
   | | |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?    ☐ Yes        ☑ No

   If "*Yes,*" by which party and on what date?

   _____        _____
   Party                                                     Date

4.  **Answer:**

Was an Answer made in State Court?  ☐ Yes        ☑ No

If "*Yes*," by which party and on what date?

_____        _____
Party                                                Date

5.  **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|---|---|
| Stanley & Associates, PLLC | |
| | |
| | |
| | |
| | |

6.  **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|---|---|
| NONE | |

7.  **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Plaintiff | Texas Common Law Unfair Competition<br>Texas Common Law Trademark Infringement<br>Tortious Interference<br>Civil Conspiracy |

## Case Information

DC-20-09083 | BEN ABBOTT & ASSOCIATES, PLLC vs. QUINTESSA LLC, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-20-09083 | 101st District Court | WILLIAMS, STACI |
| File Date | Case Type | Case Status |
| 07/06/2020 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF

BEN ABBOTT & ASSOCIATES, PLLC

Address
1445 ROSS AVENUE, SUITE 3700
DALLAS TX 75202

Active Attorneys ▾

Lead Attorney
GERHART, JOHN THOMAS
Retained

DEFENDANT

QUINTESSA LLC

Address
THROUGH ITS SECRETARY OF STATE
1620 MIDTOWN PLACE
MIDWEST CITY OK 73130

DEFENDANT

STANLEY & ASSOCIATES, PLLC

Address
ITS REGISTERED AGENT, AARON STANLEY
2600 K AVE., #180
PLANO TX 75074

**Appx. 004**

## Events and Hearings

07/06/2020 NEW CASE FILED (OCA) - CIVIL

07/06/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

## Financial

BEN ABBOTT & ASSOCIATES, PLLC

|  | | Total Financial Assessment | | $312.00 |
|  | | Total Payments and Credits | | $312.00 |

| 7/7/2020 | Transaction Assessment | | | $312.00 |
|----------|------------------------|--|--|---------|
| 7/7/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 39196-2020-DCLK | BEN ABBOTT & ASSOCIATES, PLLC | ($312.00) |

## Documents

ORIGINAL PETITION

**Appx. 005**

FILED
7/6/2020 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

CAUSE NO. _____ DC-20-09083

| | | |
|---|---|---|
| BEN ABBOTT & ASSOCIATES, PLLC, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| QUINTESSA LLC and STANLEY & | § | |
| ASSOCIATES, PLLC, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Ben Abbott & Associates, PLLC files its Original Petition against Defendants

Quintessa LLC and Stanley & Associates, PLLC, as follows:

### Introduction

1.      Plaintiff brings this case to end a scheme perpetrated upon it by Defendants wherein

they trick Plaintiff's potential clients into contacting the "Accident Injury Legal Center" under the

guise that it is associated with Plaintiff.  The Accident Injury Legal Center is not a law firm or any

other type of business entity.  It is simply a website operated by Defendant Quintessa LLC

("Quintessa").  Quintessa also is not a law firm and is not registered to do business in Texas.  But

Quintessa nonetheless utilizes the Accident Injury Legal Center to solicit personal injury clients in

Texas and then refer those clients to law firms like Stanley & Associates, PLLC ("Stanley") for a

fee.

2.      Defendants' scheme starts with Quintessa's manipulation of Internet search engine

results through the use of Plaintiff's trademarks.  Quintessa purfchases "Ben Abbott" and "Ben

Abbott & Associates" as keyword search terms for its advertisements on Google for the Accident

Injury Legal Center.  It then designs and places its Google advertisements in a manner intended to

deceive Plaintiff's potential clients. One example of this scheme is Defendants' "click-to-call"

advertisements on Google.  Upon using a mobile phone to search Google for "Ben Abbott" or

"Ben Abbott & Associates," Plaintiff's potential clients are presented with a "click-to-call" advertisement for Accident Injury Legal Center, typically placed directly above the link for Plaintiff's website.  A potential client's click on the advertisement does not direct that person to a website, but instead immediately prompts the potential client's mobile phone to call Quintessa's call center.  Call center representatives then refer the case to Stanley, who pays Quintessa a fee for client referrals resulting from the deceptive advertisements.

3.      A number of Plaintiff's clients and potential clients have been deceived by Defendants' "click-to-call" scheme, believing that they were calling Plaintiff or an entity affiliated with Plaintiff when in truth they were connected to Quintessa's call center.  Plaintiff brings this case to put an end to this deceptive conduct, to obtain injunctive relief, and to recover damages that it has suffered.

**Discovery Control Plan**

4.      Plaintiff intends to conduct discovery under Level 2, Rule 190.3 of the Texas Rules of Civil Procedure.  Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that it seeks monetary relief monetary relief over $200,000 but not more than $1,000,000.

**Parties**

5.      Plaintiff, Ben Abbott & Associates, PLLC, is a Texas Professional Limited Liability Company with a principal place of business at 1934 Pendleton Dr., Garland, Dallas County, Texas 75041.

6.      Defendant, Quintessa, LLC is an Oklahoma Limited Liability Company that transacts business in Texas without being registered to do so, and may be served is through the Secretary of State pursuant to TEX. BUS. ORGS. CODE § 5.251(2)(B).

7.      Defendant, <u>Stanley & Associates, PLLC,</u> is a Texas Professional Limited Liability Company that may be served through its managing partner, <u>Aaron Stanley, at 2600 K. Ave., #180,</u> <u>Plano, Texas 75074.</u>

### Jurisdiction and Venue

8.      Jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of this Court.

9.      Venue is proper in this Court pursuant to Texas Civil Practice and Remedies Code Sections 15.002(a)(1) because Dallas County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  Among other things, Defendants have advertised and misled potential clients of Plaintiff residing in Dallas County and interfered with Plaintiff entering into contracts with those clients.

### Facts

10.      Plaintiff is a Texas law firm that represents clients in personal injury lawsuits throughout the State of Texas.  Plaintiff has over 20 years establishing its reputation and the brand of "Ben Abbott" and "Ben Abbott & Associates" through the expenditure of significant time, labor, skill, and money.  Each year, Plaintiff spends a great deal of money advertising on television and radio in the Dallas-Fort Worth metropolitan area, as well as through various forms of Internet advertising.   Plaintiff has established ownership of trademarks on the names "Ben Abbott" and "Ben Abbott & Associates" (the "Marks") through the use of these names in the marketplace.

11.      Plaintiff continues to build its brand by advertising its services to prospective clients and performing superior legal services for its clients.

12.      Defendant Quintessa is not a law firm and is not registered to do business in Texas. Nevertheless, it operates a scheme by which it purchases deceptive advertisements and runs a

website vaguely styled "Accident Injury Legal Center" to successfully confuse Plaintiff's prospective clients and divert business from Plaintiff.

13.     Defendant Quintessa purchases the keywords "Ben Abbott" and "Ben Abbott & Associates" for its Accident Injury Legal Center advertisements on Google.   Quintessa has designed and placed its advertisements in a manner intended to confuse and deceive Plaintiff's prospective clients into believing that an "Accident Injury Legal Center" exists and is associated with Plaintiff.   For example, the Google search for "Ben Abbott" returns the following result for mobile users, with the cryptic advertisement (designed and purchased by Quintessa) appearing directly above Plaintiff's information:



Quintessa's intentionally vague advertisement does not identify any lawyer or law firm.  It also does not allow the prospective client to actually click on the link and visit the "Accident Injury Legal Center" website (which is itself intentionally ambiguous).  Instead, by design, Quintessa's advertisement only allows the prospective client to click on the phone number, which automatically calls the number listed.  Through this "click-to-call" scheme, Quintessa is able to confuse Plaintiff's prospective clients (that have specifically searched Google for Plaintiff's Marks "Ben Abbott" or "Ben Abbott & Associates") regarding the identity, existence, and affiliations of "Accident Injury Legal Center," and to divert those prospective clients to Quintessa instead of Plaintiff.

14.     Through this scheme, Quintessa has successfully confused Plaintiff's prospective clients to mistakenly call Quintessa and be referred to Stanley.

15.     Additionally, the "Accident Injury Legal Center" website owned and run by Quintessa is also deceptive.  Quintessa's name is found nowhere on the "Accident Injury Legal Center" website and the site is intentionally vague.  The website does not list any attorneys or any identifying information regarding "Accident Injury Legal Center" at all.  No address is even listed.

16.     The "Accident Injury Legal Center" website, however, intentionally mimics that of a law firm, with statements such as:  "*Our* attorneys have helped THOUSANDS of clients," "there's NO FEE until *we* WIN FOR YOU!," and "*Our clients* love us because:  *We* are Trusted . . . *We* have Experience . . ." etc.  *See* https://accidentinjurylegalcenter.com.  Quintessa does not disclose on its "Accident Injury Legal Center" website who the "we" is, or who "our clients" are.  Further, even the name of the website is designed to give the false impression to Plaintiff's potential clients that the website is for a law firm, which is false.

17.    As an uncertified lawyer referral service operated by a for-profit entity, Quintessa's activities also violate Texas Occupations Code § 952.001 *et seq*.

18.    Stanley pays Quintessa for referring leads on prospective clients that Quintessa has deceptively obtained and diverted from Plaintiff.   Stanley has full knowledge of Quintessa's deceptive practices, materially participates in Quintessa's scheme, pays Quintessa for such referrals, and materially benefits by having Plaintiff's prospective clients diverted to it.

## CAUSES OF ACTION

### Count 1 – Texas Common Law Unfair Competition

19.    Plaintiff re-alleges and incorporates herein by reference the allegations contained above.

20.    Defendant Quintessa LLC and Defendant Stanley & Associates, PLLC are businesses in competition with Plaintiff.

21.    Through the scheme outlined above, Defendants Quintessa and Stanley have used the names "Ben Abbott" and "Ben Abbott & Associates" in such a manner that is calculated to deceive and cause Plaintiff's prospective clients and the public to contact Quintessa and Stanley when those prospective clients intended to and would have dealt with Plaintiff.

22.    Defendants' actions have caused Plaintiff to suffer damages including loss of business, loss of profits, loss of value, and loss of goodwill.

### Count 2 – Texas Common Law Trademark Infringement

23.    Plaintiff re-alleges and incorporates herein by reference the allegations contained above.

24.    Plaintiff has established ownership of trademarks on the names "Ben Abbott" and "Ben Abbott & Associates" (the "Marks") through the use of these names in the marketplace. Through the scheme detailed above, Defendants use Plaintiff's Marks to cause confusion between

themselves and Plaintiff.  As a result of Defendants' scheme, there is a likelihood of confusion (and there has been actual confusion) in prospective clients who contact Defendants Quintessa and Stanley with the belief they are contacting Plaintiff or someone affiliated with Plaintiff.  The resulting likelihood of confusion will cause and has caused irreparable injury and damages to Plaintiff, including loss of business, loss of profits, loss of value, and loss of goodwill.

### Count 3 – Tortious Interference with Prospective Business Relations

25.     Plaintiff re-alleges and incorporates herein by reference the allegations contained above.

26.     Based upon the fact that they are searching Google specifically for "Ben Abbott" or "Ben Abbott & Associates," there is a reasonable probability that the prospective clients that have been diverted from Plaintiff by Defendants' scheme would have entered into a business relationship with Plaintiff.

27.     Defendants both acted with the conscious desire to prevent the relationship between Plaintiff and those prospective clients from happening, or knew the interference was certain or substantially certain to occur as a result of their conduct.

28.     Defendants' actions were independently tortious or unlawful, including by constituting common law unfair competition, common law trademark infringement, violations of the Texas Deceptive Trade Practices Act, and actionable misrepresentations and omissions.  For example, Defendants have violated Texas Occupations Code § 952.001 *et seq*., as well as the Texas Deceptive Trade Practices Act by violating TEX. BUS. & COM. CODE § 17.46(b)(1) ("passing off goods or services as those of another"); (b)(2) ("causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services"); (b)(3) ("causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another");

(b)(5) ("representing that . . . a person has a sponsorship, approval, status, affiliation, or connection which the person does not"); (b)(24) ("failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed").

29.     Defendants' interference has proximately caused Plaintiff to suffer damages, and Plaintiff has suffered the following damages or loss as a result:  loss of business, loss of profits, loss of value, and loss of goodwill.

### Count 4 – Civil Conspiracy

30.     Plaintiff re-alleges and incorporates herein by reference the allegations contained above.

31.     Defendants agreed on the course of action described above, in which they conspired to and did take actions that were unlawful.  For example, Defendant Quintessa was paid for advertisements and intentionally created those advertisements in a way to confuse and divert Plaintiff's prospective clients.   Defendant Stanley paid Quintessa for its deceit in order to assist Quintessa in diverting potential clients from Plaintiff, and knowingly received the benefits of Quintessa's tortious conduct.

32.     As a proximate result of Defendants' agreement and unlawful acts, Plaintiff has proximately suffered damages including loss of business, loss of profits, loss of value, and loss of goodwill.

### Request for Injunctive Relief

33.     Plaintiff re-alleges and incorporates herein by reference the allegations contained above.

34.     Plaintiff requests this Court temporarily enjoin Defendants from using Plaintiff's Marks in its scheme to promote Defendants' business.

35.     Plaintiff is likely to succeed on the merits of this lawsuit, including the causes of action contained herein.

36.     A temporary injunction is necessary to prevent imminent and irreparable injury for which there is no adequate remedy at law. Specifically, an injunction is necessary to prevent Plaintiff's potential clients from retaining the services of defendants, and to prevent further damages to Plaintiff including loss of business, loss of profits, and injury to Plaintiff's goodwill and reputation.

37.     Plaintiff is willing to post a bond.

38.     After a full trial on the merits of the causes of action alleged in the Petition, Plaintiff requests this Court permanently enjoin Defendants from using Plaintiff's Marks in its scheme to promote Defendants' business.

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194.2, each Defendant is requested to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Ben Abbott & Associates, PLLC respectfully prays that it be awarded a judgment against Defendants for the following:

a.     A temporary and permanent injunction;

b.     Actual damages;

c.      Pre-judgment and post-judgment interest;

d.      Court costs;

e.      Reasonable and necessary attorneys' fees; and

f.      such other and further relief both at law and in equity to which Plaintiff may be
        justly entitled.

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

By:  /s/ John T. Gerhart
John T. Gerhart., Jr.
Texas Bar No. 00784122
jgerhart@huntonAK.com
Grayson L. Linyard
Texas Bar No. 24070150
glinyard@huntonAK.com
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Telephone: (214) 979-3000
Fax: (214) 880-0011

**ATTORNEYS FOR PLAINTIFF**
**BEN ABBOTT & ASSOCIATES, PLLC**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## *DALLAS DIVISION*

 Ben Abbot & Associates, PLLC
Plaintiff

v.

_____
Civil Action No.

 Quintessa LLC and Stanely & Associates PLLC
Defendant

## CERTIFICATE OF INTERESTED PERSONS
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

 Defendant Quintessa LLC

_____

provides the following information:

      For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
***Please separate names with a comma. Only text visible within box will print.***

 None.

      A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
***Please separate names with a comma. Only text visible within box will print.***

 Quintessa LLC, Stanley & Associates, PLLC, Ben Abbot & Associates, PLLC

| | |
|---|---|
| Date: | July 7, 2020 |
| Signature: | /s/ Christopher J. Schwegmann |
| Print Name: | Christopher J. Schwegmann |
| Bar Number: | 24051315 |
| Address: | 2100 Ross Avenue Suite 2700 |
| City, State, Zip: | Dallas, Texas 75201 |
| Telephone: | 214-981-3800 |
| Fax: | 214-981-3829 |
| E-Mail: | cschwegmann@lynnllp.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil/Other Documents/Certificate of Interested Persons

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BEN ABBOTT & ASSOCIATES, PLLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **QUINTESSA LLC and STANLEY &** | § | |
| **ASSOCIATES, PLLC,** | § | |
| | § | |
| *Defendants.* | § | |

**NOTICE OF RELATED CASE**

In accordance with Local Rule 3.3, Defendant Quintessa LLC certifies that this case is related to the following civil case that was previously pending in this Court: *Ben Abbott & Associates, PLLC v. Accident Injury Legal Center* (aka Quintessa LLC), Civil Action No. 3:20-cv-463-G.

On March 2, 2020, Quintessa filed a Motion to Dismiss. *See* Doc. No. 8. Plaintiff filed a Response on March 23, 2020 (doc. no. 8), and Quintessa file a Reply on April 6, 2020 (doc. no. 10). On July 5, 2020, Plaintiff dismissed the case pursuant to Rule 41 before the Court ruled on Quintessa's Motion to Dismiss. On July 6, 2020, Plaintiff filed a substantially similar case in state court, which Quintessa now seeks to remove.

Date: July 7, 2020

Respectfully submitted,

*/s/ Christopher J. Schwegmann*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
Rebecca L. Adams
Texas Bar No. 24098255
radams@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
214-981-3800 – Telephone
214-981-3839 – Facsimile

**ATTORNEYS FOR QUINTESSA, LLC**

## <u>CERTIFICATE OF SERVICE</u>

On July 7, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF System of the court and certify that I have served via the Court's ECF System on all counsel of record or otherwise in compliance with Federal Rule of Civil Procedure 5(b)(2).

*/s/ Christopher J. Schwegmann* 
Christopher J. Schwegmann